LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 NORTH CENTRAL AVENUE
SUITE 1600
PHOENIX, ARIZONA 85004
TELEPHONE: (602) 271-7700
FACSIMILE: (602) 258-7785
Sarah L. Barnes /Bar No. 020362
E-mail: slb@bowwlaw.com
kel@bowwlaw.com

Attorneys for Defendants Sheriff Penzone;
Sgt. Thomas Newman; Ofc. Raquel Dean;
Ofc. Elian Griego; Ofc. Bret Kaiser; Ofc.
Brandon Rice; Ofc. Carlos Samaniego; Ofc.
Douglas Weaver; Ofc. Christopher Collett;
and Ofc. Amir Dugalic

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Selene Ortiz, as guardian of Brian Ortiz, an incompetent person; and Selene Ortiz, individually,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County, *et al.*,<br><br>Defendants. | No.  CV-20-01746-TUC-SPL (DMF)<br><br>**MCSO DEFENDANTS' MEMORANDUM RE DISCOVERY DISPUTE ISSUES** |

Defendants Sheriff Penzone; Sgt. Thomas Newman; Ofc. Raquel Dean; Ofc. Elian Griego; Ofc. Bret Kaiser; Ofc. Brandon Rice; Ofc. Carlos Samaniego; Ofc. Douglas Weaver; Ofc. Christopher Collett; and Ofc. Amir Dugalic (collectively "Defendants"), through undersigned counsel, hereby file their Memorandum Re: Discovery Dispute Issues pursuant to this Court's June 17, 2021, Order (Dk. No. 54).

With respect to Plaintiff's Memorandum, Procedural History, Section I, Plaintiff's counsel provides an incomplete, if not misleading account of the communications that took place regarding the discovery responses. Undersigned counsel did send an email on April 15, 2021, the day before the discovery responses were due, noting that she was endeavoring to complete the responses by the April 16th deadline, but that she would need a

little additional time to do so, and she believed just one week would suffice. Counsel probably should have added an "Agreed?" after that sentence in the email, but nevertheless, it was just an additional week being sought, and Plaintiff's counsel did not respond to that email to object in any way to the one extra week, there was also no indication that Plaintiff's counsel could not or would not have seen that email by April 16th in order to object if he desired (no out of office notification). Then just four (4) business days later, at 9:35 a.m., undersigned counsel did again notify Plaintiff's counsel that there was difficulty obtaining information to respond to some of the requests and would like an additional one-week extension; counsel again did not wait until the actual day the responses were now due (in light of no objection to the first one-week extension) but emailed Plaintiff's counsel ahead of time. It is at that point – later that day after undersigned counsel was already in-flight to a deposition (which counsel made known), that Plaintiff's counsel objected and claimed all objections had been waived and no extension would be granted. To no avail, undersigned counsel tried to explain the unreasonableness of the position Plaintiff's counsel was taking, to include noting she would obviously stipulate to a requested extension of the motion to amend deadline, so as not to disadvantage in any way by responses being extended to not long before that deadline and reminding Plaintiff's counsel of the early stages of the case and the voluminous amount of information and documents already disclosed. In fact, it is telling that Plaintiff's counsel did not really believe that his client was being disadvantaged (suggesting a different motive), because he did then note he would in fact stipulate to an extension, as needed, for the responses (as well as then extending the motion to amend deadline), but only if that was a stipulation admitting that all objections had been waived, despite his failure to object and it only being a one week extension that was sought and reasons for provided ahead of time. *See* Email Exchange between counsel, attached hereto as Exhibit C.

Defendants did then serve the discovery responses on April 23, 2021, preserving objections, providing some responses/responsive information, but also noting that they would supplement the responses. As promised, two sets of supplemental responses were

later provided, and undersigned counsel made good faith efforts in the interim to address Plaintiff's issues regarding those responses, reminding him of the fact there would be supplements and assured him of repeated efforts to obtain the responsive information/documents. Since then, Defendants also responded to Plaintiff's Requests for Admission that were served late, and just provided an Amended Response thereto following a discussion with Plaintiff's counsel on July 6, 2021, as well as a supplemental disclosure. *See* Amended Requests for Admission attached hereto as Exhibit A and Supplemental Disclosure as Exhibit B.

Defendants did not waive all objections to the discovery requests by simply noting that an additional week was needed to the discovery, even if not worded as clearly as maybe it could have been, where Plaintiff's counsel did not object to that one additional week. And the case on which Plaintiff relies in that regard is wholly distinguishable. In *Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir. 1992), the Court held that a particular objection was untimely and thus waived where no responses at all were served to requests sent in July 1990; then no mention of the objection in response to a motion to compel; again not raised in a motion to stay discovery; and, only final mentioned in a response for motion to sanctions in February 1991. That scenario is obviously a far cry from the situation here. Indeed, in a far more analogous case, the Court held that, based on the factors to determine wavier of discovery objections, where there was only a short extension requested, which Plaintiff's counsel refused (here he did not initially even refuse or object), and there were multiple defendants; there was no evidence of bad faith, and the Court further found that the limited extension was requested in a timely manner and counsel requesting demonstrated willingness to alleviate any potential prejudice. *Barlow v. Herman,* 2014 WL 60213 (D. Nev., Jan. 6, 2014) (holding that a Court must determine whether there was good cause for an "untimely" failure to raise an objection; the Court has broad discretion in that regard, and looks at length of and reason for delay, along with existence of bad faith, prejudice to the party seeking waiver, nature of request and harshness of imposing sanctions).

3

As to the Interrogatories ("Rogg"), 4, 5, 6 and 7, there is no authority that precludes including general objections with more specific objections (which general objections are included out of an abundance of caution to preserve objections for trial and/or possibly appeal). The objections were spelled out to each and further attempts to explain were made in an email response to and a scheduled meet and confer with Plaintiff's counsel.[1] And as already acknowledged by Plaintiff's counsel, supplemental and amended responses were served and many additional documents and information, responsive to the requests (even the ones to which valid objections were asserted and preserved). Indeed, as to Rogg No. 4, Defendants did object as overly broad in light of asking for six (6) years of data at all jails, rather than limiting to a timeframe more closely tied to the relevant timeframe and to the jail at which the incident occurred; nevertheless, Defendants answered the Request with information for three (3) preceding years, at all of the jails. But the objection was noted as not being waived, so that it can be preserved for trial and potentially appeal, as required in order to preserve the objection. The objection to the word "occurred" is that it presumes something actually occurred, versus being alleged to have occurred. And all of the objections were explained with specificity. *See* Plaintiff's Memorandum, Ex. 4, pp. 6-7. Likewise, as to Rogg No. 5, the objections to No. 4 were incorporated, but then the response supplemented to note that the information requested is not tracked; thus, Plaintiff has a definitive response to his question. *Id.,* pp. 7-8.

As to Rogg No. 6, counsel literally raises a dispute because it was not answered as

---

[1] Undersigned counsel certifies that she attempted, in good faith, to engage in a meet and confer with Plaintiff's counsel, but contrary to his certification, undersigned counsel disputes that Plaintiff's counsel acted in good faith. In fact, Plaintiff's counsel refused to let undersigned counsel speak in that call (and in another later call) cutting her off literally almost every time she started to explain and tried to discuss the responses/objections, indicating that he disagreed and there was no point "arguing" about it; he acted incredibly unprofessional in the call, even laughing at undersigned counsel and being very flippant, when she was trying to discuss the objections and responses; he refused to discuss anything once he started to hear that undersigned counsel was not immediately just conceding that Plaintiff's counsel was entirely correct in his positions and would not just agree to delete almost all objections. Undersigned counsel feels compelled to add this note, where in most instances she would not bring a contentious call with opposing counsel to the Court's attention, because this is one of only a only a few times in 21 years as a litigator that undersigned counsel experienced such unprofessional and frankly incredibly patronizing conduct by another attorney during a meet and confer call.

what he thinks it should have been – one or two names. Indeed, how can Plaintiff's counsel come to this Court with sincerity claiming a discovery dispute over a response that provides him, in detail, that there are actually numerous individuals – identifying all of them, with knowledge on the topic and not one necessarily more knowledgeable than the other and directing him to further detail about several of those individuals' testimony already disclosed. *Id.,* pp. 9-10. The same is true with respect to Rogg No. 7 – Defendants responded to provide Plaintiff with a staffing sheet that identifies every officer/supervisor working in that until, on that day, and during each shift, identifying which shift by time of day and which level it was. It is incomprehensible that Plaintiff's counsel can suggest this is in anyway non-responsive – it is indeed a list of exactly what he requested: the names and supervisors of officers for that unit, that day and that timeframe. *Id.,* p. 10.

With respect to the Responses to the Requests for Production, starting with No. 1, Plaintiff did not limit the Request to just a-h, and Defendants preserved appropriate objections, again, explaining the bases for the objections. Again, Defendants nevertheless directed Plaintiff to responsive information already disclosed to Plaintiff, with specific exhibit numbers, and explained that Defendants did not have responsive documents to several of the requests that were or should be directed to other parties or third parties. *Id.,* Ex. 7, pp. 3-4. Defendants agreed to supplement if any additional documents, in their possession, concerning the assault on Brian Ortiz, were discovered, which thus far there have not been. Plaintiff's counsel suggests he would have sort through discovery to determine what is responsive, when in fact he was directed to materials with specificity, and, indeed, Defendants/Defendants' counsel, should not have to do Plaintiff's counsel (or Plaintiff's) job of reviewing what has already been disclosed to him, nor provide duplicates of documents already provided that are responsive. The same goes with the Response to No. 3, as to objections, and which was supplemented to provide all policies/department orders discovered that include or could have impact on closed custody and those were explained. *Id.,* p. 5; *see also* Amended Responses to Requests for Admission, Ex. A hereto, further explaining the policies.

As to Responses to No. 4, Plaintiff was provided the redacted personnel files of all of the Defendants, exactly that which he requested, and again, Defendants simply preserved their evidentiary objections, which objections may be advanced at trial and need to be preserved, so as to not waive them, and they explained the objections and explained (even amended to clarify) exactly what was being provided – complete personnel files. Again, undersigned counsel attempted to further discuss this Response, so as to try to clarify what the actual dispute was but Plaintiff's counsel refused to engage in such discussion. If it is unclear whether anything was withheld, we are willing to further discuss with Defendants to determine and offer that additional clarification. *See* Plaintiff's Memorandum, Ex. 7, pp. 5-6.

For No. 5, Defendants again explained objections and gave references to specific exhibits served with the disclosures, and they also further directed Plaintiff to the responses to the Requests for Admission which explain that there was no investigation separate from the investigation into the incident, i.e., no separate internal or professional standard investigation. *Id.,* pp. 6-7; *see also* Ex. A. And finally, as to No. 6, the same argument as to No. 3 above applies. *See* Plaintiff's Memorandum, Ex. 7, p. 7. Plaintiff also mentions that an internal document is being "withheld" even though it is responsive to this Request No. 6, but when in a follow-up call with Plaintiff's counsel on July 6, 2021, which Plaintiff's counsel demanded occur as a meet and confer in time to include his dispute about this document, undersigned counsel explained further (beyond that which is already explained in the privilege log (Ex. B hereto), the security issues with that document and the possibility of *in camera* review or potentially redactions and a protective order; Plaintiff's counsel suggested the protective order and undersigned counsel invited him to send a draft of it for her to consider and discuss with her client. Instead, Plaintiff included this matter as another "dispute" in his Memorandum, as well as the Responses to the Requests for Admission, which undersigned counsel wholly disagrees were adequately addressed first in a good faith meet and confer; nonetheless an amended version has now been served.

In sum, there is no basis to find waiver, nor for any Order as requested by Plaintiff.

1    RESPECTFULLY SUBMITTED this 22nd day of July, 2021.

2                                    BROENING OBERG WOODS & WILSON, P.C.

3

4                          By: /s/ Sarah L. Barnes_____   _____
                                   Sarah L. Barnes
5                                  2800 North Central Avenue
                                   Suite 1600
6                                  Phoenix, Arizona 85004
                                   Attorneys for Defendants Sheriff Penzone; Sgt.
7                                  Thomas Newman; Ofc. Raquel Dean; Ofc.
                                   Elian Griego; Ofc. Bret Kaiser; Ofc. Brandon
8                                  Rice; Ofc. Carlos Samaniego; Ofc. Douglas
                                   Weaver; Ofc. Christopher Collett; and Ofc.
9                                  Amir Dugalic

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2021, I electronically transmitted the foregoing with the Clerk of the Court using the CM/ECF system for filing, with copies submitted by U.S. mail to the following recipients:

C. Tony Piccuta
Scottsdale Injury Lawyers, LLC
8700 E. Pinnacle Peak Road
Suite 204
Scottsdale, AZ  85255
*Counsel for Plaintiff*

Kathleen L. Wieneke
Christina Retts
WIENEKE LAW GROUP, PLC
1095 West Rio Salado Parkway, Suite 209
Tempe, Arizona 85281
*Attorneys for Defendants Maricopa County,*
*Rosie, Maria, and Bevels*

/s/ Kathy Lake