# EXHIBIT A

LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 NORTH CENTRAL AVENUE
SUITE 1600
PHOENIX, ARIZONA 85004
TELEPHONE: (602) 271-7700
FACSIMILE: (602) 258-7785
Sarah L. Barnes /Bar No. 020362
E-mail: slb@bowwlaw.com
       kel@bowwlaw.com
Attorneys for Defendants Sheriff Penzone;
Sgt. Thomas Newman; Ofc. Raquel Dean;
Ofc. Elian Griego; Ofc. Bret Kaiser; Ofc.
Brandon Rice; Ofc. Carlos Samaniego; Ofc.
Douglas Weaver; Ofc. Christopher Collett;
and Ofc. Amir Dugalic

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Selene Ortiz, as guardian of Brian Ortiz, an incompetent person; and Selene Ortiz, individually,<br><br>        Plaintiff,<br><br>v.<br><br>Maricopa County, *et al.*,<br><br>        Defendants. | No. CV-20-01746-TUC-SPL (DMF)<br><br>**MCSO DEFENDANTS'** ***AMENDED*** **RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSION, SET ONE** |

Defendants Sheriff Penzone; Sgt. Thomas Newman; Ofc. Raquel Dean; Ofc. Elian Griego; Ofc. Bret Kaiser; Ofc. Brandon Rice; Ofc. Carlos Samaniego; Ofc. Douglas Weaver; Ofc. Christopher Collett; and Ofc. Amir Dugalic (collectively "Defendants"), by and through undersigned counsel, hereby objects and ***amends herein in bold italics, its responses*** ~~responds~~ to Plaintiffs' Requests for Admission, Set One, as follows. Defendants reserve the right to supplement these responses as necessary as discovery and investigation continue:

**PRELIMINARY STATEMENT**

These responses are based upon the information and documents presently known and reasonably available to this Defendant. Discovery and/or future research and analysis may require supplementation of, or revision to, these Responses. Defendant

reserves the right to amend or supplement these responses consistent with the Federal Rules of Civil Procedure, General Order 17-08 and any Scheduling Order issued in this case.

Per General Order 17-08, the disclosure of information in these responses does not constitute an admission such information is relevant, authentic or admissible. Nothing in these responses is intended to affirm the admissibility of any document not specifically so identified, or the acceptance of any legal theories asserted by Plaintiff. Likewise, nothing in these responses shall constitute a waiver of any defense.

Defendant objects to the disclosure of information that is protected by the attorney-client privilege, work-product doctrine or any other applicable privilege or protection from discovery.  Defendant also objects to the disclosure of information containing confidential commercial, trade secret or personal information, absent entry of a suitable protective order.  If Defendant inadvertently discloses any information or documents that may be protected from discovery, such inadvertent disclosures shall not waive the relevant privilege or protection, consistent with the Federal Rules of Civil Procedure, Federal Rules of Evidence and Arizona Rules of Professional Conduct.

## **REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that no Professional Standards Bureau or Internal Affairs investigation was conducted with respect to the incident.

Admit __X__(qualified)    Deny_____        Cannot Admit or Deny_____

**Objection. As worded, this request assumes facts not in evidence, assuming that employee misconduct occurred and that such alleged misconduct was a contributing factor to the incident. Assumes facts as to the circumstances in which a PSB or Internal Affairs investigation would occur as there are no employees in this case that were alleged to have assaulted Mr. Ortiz.  Without waiving said objections, these MCSO/Penzone Defendants admit that no separate PSB or IA investigations were conducted in addition to the investigation of the subject incident (report, supplements**

2

and interviews which have all been previously disclosed) and that circumstances did not warrant that additional PSB or IA investigations be undertaken in addition to the investigation of the incident itself.

**REQUEST FOR ADMISSION NO. 2:**

Admit that no Professional Standards Bureau or Internal Affairs investigation was conducted with respect to any employee misconduct that contributed to the incident.

Admit __X__ (qualified)   Deny_____   Cannot Admit or Deny_____

Objection. As worded, this request assumes facts not in evidence, assuming that employee misconduct occurred and that such alleged misconduct was a contributing factor to the incident. Assumes facts as to the circumstances in which a PSB or Internal Affairs investigation would occur as there are no employees in this case that were alleged to have assaulted Mr. Ortiz. Without waiving said objections, these MCSO/Penzone Defendants admit that no separate PSB or IA investigations were conducted in addition to the investigation of the subject incident (report, supplements and interviews which have all been previously disclosed) and that circumstances did not warrant that additional PSB or IA investigations be undertaken in addition to the investigation of the incident itself.

**REQUEST FOR ADMISSION NO. 3:**

Admit that no Professional Standards Bureau or Internal Affairs investigation was conducted with respect to any employee misconduct that allowed the attack to occur.

Admit __X__ (qualified)   Deny_____   Cannot Admit or Deny_____

Objection. As worded, this request assumes facts not in evidence, assuming that employee misconduct occurred and that such presumed misconduct was a factor in the attack. Vague and ambiguous as to employee misconduct. Assumes facts as to the conclusion of employee misconduct. As these Defendants have disclosed, the officers on 4A housing unit, 100 pod, on March 26, 2020, will testify that prior to the

3

**events of May 26, 2020, there was no known notice of any problems/conflict or impending potential for assault relating to Brian Saucedo-Ortiz and any other detainees who were housed in the same unit; nor had Saucedo-Ortiz reported any potential problems/conflict. Without waiving said objections, these MCSO/Penzone Defendants admit that no separate PSB or IA investigations were conducted in addition to the investigation of the subject incident (report, supplements and interviews which have all been previously disclosed) and that circumstances did not warrant that additional PSB or IA investigations be undertaken in addition to the investigation of the incident itself. These Defendants admit that investigations were conducted into the assault, including securing evidence, security video, interviews and communications with MCSO officers and witnesses. Discovery is in initial stages and depositions have yet to be taken; as such, Defendants reserve the right to supplement.**

**REQUEST FOR ADMISSION NO. 4:**

Admit that no Professional Standards Bureau or Internal Affairs investigation was conducted with respect to any employee misconduct that allowed Brian Ortiz's medical condition to remain undiscovered from the time of the attack to the time he was discovered by CHS personnel at approximately 9:15 AM.

Admit __X__ (qualified)   Deny_____   Cannot Admit or Deny_____

**ANSWER: Objection: vague, perplexing as worded and not directed at a fact to which these Defendants can respond; overly broad as to "any employee", assumes that misconduct occurred, and as worded, this request is tailored to fit the allegations raised by Plaintiff, and not a fact that these responding Defendants can admit or deny. Assumes facts as to the circumstances in which a PSB or Internal Affairs investigation would occur as there are no employees in this case that were alleged to have assaulted Mr. Ortiz. Assumes facts as to the conclusion of employee misconduct. As these Defendants have disclosed, the officers on 4A housing unit, 100 pod, on March 26, 2020, will testify that MSCO officers had no reason to know or believe that Saucedo-**

4

**Ortiz had suffered injuries when he was visibly observed in his bed in his assigned cell during security checks; there was no evidence of any deliberate indifference to or callous or reckless disregard of or callous or reckless disregard of a known and obvious medical need of Mr. Saucedo-Ortiz; there was no delay in requesting medical care once the need was discovered.**

**Without waiving said objections, these MCSO/Penzone Defendants admit that no separate PSB or IA investigations were conducted in addition to the investigation of the subject incident (report, supplements and interviews which have all been previously disclosed) and that circumstances did not warrant that additional PSB or IA investigations be undertaken in addition to the investigation of the incident itself.**

**REQUEST FOR ADMISSION NO. 5:**

Admit that no employee breached any Maricopa County Sherriff's Office Policy or Procedure regarding the incident.

Admit __X__ (qualified)   Deny_____   Cannot Admit or Deny_____

**ANSWER: Objection: vague, overly broad, lacks foundation and non-specific as to "employee", "any" and "Maricopa County Sheriff's Office Policy". Without waiving said objections, these Defendants admit that MCSO/Penzone Defendants named herein did not breach any applicable general, critical or detention MCSO policies or procedures that caused or contributed to the unforeseen actions of inmate Fregoso on Mr. Saucedo-Ortiz.**

**REQUEST FOR ADMISSION NO. 6:**

Admit that no employee breached any Correctional Health Services Policy or Procedure regarding the incident.

Admit _____   Deny_____   Cannot Admit or Deny __X__

**ANSWER:** Objection: vague, overly broad as to "no employee". These responding Defendants can neither admit nor deny as this request is directed to Defendants other than these responding MCSO/Penzone Defendants.

**REQUEST FOR ADMISSION NO. 7:**

Admit that no employee was responsible for surveilling Brian Ortiz and inmate Fregoso at the time of the attack.

Admit _____   Deny _X_ *(qualified)*   Cannot Admit or Deny _____

**ANSWER**: Objection: vague and overly broad as to "employee" *(to the extent it might be directed at CHS employees, for which these Defendants cannot admit or deny)* and, as worded, suggests or presumes that there was a known conflict/potential conflict between the named inmates, and/or that heightened security was needed. Without waiving said objections, these Defendants deny this request as worded and qualify that no *one* employee was solely responsible for surveilling any *specific* inmate or inmates in 4A housing unit 100 pod; that appropriate surveillance was occurring by MCSO officers assigned to 4A housing unit 100 pod; and, that these Defendants completed security checks in a scheduled and timely manner and during such checks, no conflicts were observed between the named inmates.

**REQUEST FOR ADMISSION NO. 8:**

Admit that an employee was responsible for surveilling Brian Ortiz and inmate Fregoso at the time of the attack.

Admit _____   Deny _X_ *(qualified)*   Cannot Admit or Deny _____

**ANSWER**: Objection: vague as to "employee" *(to the extent it might be directed at CHS employees, for which these Defendants cannot admit or deny),* and, as worded, suggests or presumes that there was a known conflict/potential conflict between the named inmates, and/or that heightened security was needed or required. Without waiving said objections, these Defendants deny this request as worded and qualify that no *one*

6

**employee was solely responsible for surveilling any *specific* inmate or inmates in 4A housing unit 100 pod; that appropriate surveillance was occurring at MCSO officers assigned to 4A housing unit 100 pod; and, that these Defendants completed security checks in a scheduled and timely manner and during such checks, no conflicts were observed between the named inmates.**

**REQUEST FOR ADMISSION NO. 9:**

Admit that the term "modified closed custody" is not stated in any of the Maricopa County Sherriff's Office Policies and Procedures that existed at the time of the attack.

Admit _____     Deny_____      Cannot Admit or Deny___X (as worded)

**ANSWER: Objection: vague, overly broad, unduly burdensome, non-specific as to the "Policy" being addressed and alludes to a misinterpretation of MCSO guidelines. Defendants admit that the many specific MCSO guidelines relevant to Detention do not utilize the specific terminology "modified closed custody,"** *but it is unclear if the words "modified closed custody" appear in any of the voluminous MCSO department orders, policies, guidelines, etc.;* **but,** *the relevant policies disclosed thus far* ~~they~~ **do address "closed custody," which is to be interpreted and applied pursuant to security risk factors and the controlled environment within each housing unit of each jail facility, and which is also utilized, reviewed and updated for inmate classification purposes. Dayroom access may vary in a specific housing units and jail facilities dependent on the classification of closed custody inmates, as determined by the inmate classification division, and which can be modified based on inmate classifications in a housing unit.**

DATED this 22nd day of July, 2021.

BROENING OBERG WOODS & WILSON, P.C.

By: /s/ Sarah L. Barnes
    Sarah L. Barnes
    2800 North Central Avenue
    Suite 1600
    Phoenix, Arizona 85004
    Attorneys for Defendants Sheriff Penzone; Sgt. Thomas Newman; Ofc. Raquel Dean; Ofc. Elian Griego; Ofc. Bret Kaiser; Ofc. Brandon Rice; Ofc. Carlos Samaniego; Ofc. Douglas Weaver; Ofc. Christopher Collett; and Ofc. Amir Dugalic

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2021, I emailed the foregoing to the following recipients:

C. Tony Piccuta
Scottsdale Injury Lawyers, LLC
8700 E. Pinnacle Peak Road
Suite 204
Scottsdale, AZ  85255
*Counsel for Plaintiff*

Kathleen L. Wieneke
Christina Retts
WIENEKE LAW GROUP, PLC
1095 West Rio Salado Parkway, Suite 209
Tempe, Arizona 85281
*Attorneys for Defendants Maricopa County,
Rosie, Maria, and Bevels*

/s/ Kathy Lake