# EXHIBIT B

LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 NORTH CENTRAL AVENUE
SUITE 1600
PHOENIX, ARIZONA 85004
TELEPHONE: (602) 271-7700
FACSIMILE: (602) 258-7785
Sarah L. Barnes /Bar No. 020362
E-mail: slb@bowwlaw.com
kel@bowwlaw.com

Attorneys for Defendants Sheriff Penzone;
Sgt. Thomas Newman; Ofc. Raquel Dean;
Ofc. Elian Griego; Ofc. Bret Kaiser; Ofc.
Brandon Rice; Ofc. Carlos Samaniego; Ofc.
Douglas Weaver; Ofc. Christopher Collett;
and Ofc. Amir Dugalic

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Selene Ortiz, | No.  CV-20-01746-TUC-SPL (DMF) |
| Plaintiff, | **DEFENDANTS SHERIFF PENZONE; SGT. THOMAS NEWMAN; OFC. RAQUEL DEAN; OFC. ELIAN GRIEGO; OFC. BRET KAISER; OFC. BRANDON RICE; OFC. CARLOS SAMANIEGO; OFC. DOUGLAS WEAVER; OFC. CHRISTOPHER COLLETT; AND OFC. AMIR DUGALIC'S THIRD SUPPLEMENTAL RULE 26(A) DISCLOSURE STATEMENT** |
| v. | |
| Maricopa County, *et al.*, | |
| Defendants. | |

Defendants Sheriff Penzone; Sgt. Thomas Newman; Ofc. Raquel Dean; Ofc. Elian Griego; Ofc. Bret Kaiser; Ofc. Brandon Rice; Ofc. Carlos Samaniego; Ofc. Douglas Weaver; Ofc. Christopher Collett; and Ofc. Amir Dugalic (collectively "Defendants"), by and through counsel undersigned, pursuant to Rule 26(a)(1), Federal Rules of Civil Procedure, submits the following ***Third Supplemental*** Disclosure Statement. New information appears in ***bold italics.***

This Disclosure Statement is based upon information currently known and believed

to be accurate and may change if further information is obtained from investigation and discovery. In doing so, Defendants incorporate herein by this reference, all information contained in all parties' disclosure statements, answers to interrogatories, responses to requests for production, requests for admission, correspondence, depositions taken or to be taken, documents produced pursuant to subpoenas, medical records and other items exchanged among the parties.  In disclosing this information, Defendants do not waive any objection to the admissibility of the above at trial.

The content of this disclosure statement is provisional and subject to supplementation, amendment, explanation, change and amplification.  The fundamental reason for the provisional nature of this statement is that this case is in the preliminary stages of discovery. Plaintiff is in possession of important knowledge, information, documents, materials and indeed the entire history of all events, transactions and occurrences giving rise to the First Amended Complaint.

If any part of this disclosure is read to the jury, fairness would require that the jury be read this preliminary statement.  At the time this statement was prepared, Defendants had limited access to information. This Disclosure Statement is based upon information currently known and believed to be accurate and may change if further information is obtained from investigation and discovery.

## I.   <u>WITNESSES:</u>

1.   Maricopa County Sheriff Paul Penzone
c/o Broening Oberg Woods & Wilson, PC
2800 N. Central, Suite 1600
Phoenix, AZ 85004

Sheriff Penzone is a named Defendant in this matter.  Sheriff Penzone may testify that he is the Sheriff of Maricopa County and in that role, among other responsibilities, he oversees the Maricopa County Sheriff's Office jails. Sheriff Penzone may testify as to Maricopa County Sheriff's Office internal policies and procedures in place relevant and applicable to the MCSO jails.

//

2.      Sergeant Thomas Newman (A6031)
        c/o Broening Oberg Woods & Wilson, PC
        2800 N. Central, Suite 1600
        Phoenix, AZ 85004

MCSO Sergeant Newman is a named Defendant in this matter. Sergeant Newman is expected to testify as to his employment history, roles, duties and training with the MCSO and specifically, his daily responsibilities in the MCSO 4th Ave. jail.  Sergeant Newman is expected to testify as to the MCSO internal policies and procedures in place relevant and applicable to the MCSO jails and those that guide him in the performance of his duties at the jail.

  Sergeant Newman is expected to testify that on May 26, 2020, he was assigned to the 4A floor of the 4th Ave. jail and that he responded to a "man down" call radioed to Security Control. Sergeant Newman is expected to testify as to his observations of inmate Saucedo-Ortiz inside his cell, medical attention that was provided, and that Saucedo-Ortiz was transported from his cell to level 4 medical clinic for evaluation. Sergeant Newman is expected to testify as to the response to Saucedo-Ortiz' cell once his condition was discovered. He is expected to testify as to events that occurred thereafter, including the investigation into the assault on Saucedo-Ortiz, his orders in the investigation and outcome of the investigation. Sergeant Newman is expected to testify as to his personal actions and events leading up to and following the discovery of Saucedo-Ortiz in his cell on May 26th. Testimony is expected to be consistent with the Incident Report and supplements thereto, produced herewith.

Based on investigation of the incidents subject of Plaintiff's Amended Complaint, Sergeant Newman is expected to testify that prior to the events of May 26, 2020, there was no known notice of any problems/conflict or impending potential for assault relating to Brian Saucedo-Ortiz and any other detainees who were housed in the same unit, nor had Saucedo-Ortiz reported any potential problems/conflict. Based on investigation of the incidents from May 26, 2020, it is expected that Sergeant Newman will testify that MSCO officers assigned to 4A housing unit 100 pod, had no reason to know or believe that Saucedo-Ortiz had suffered injuries when he was visibly observed in his bed in his assigned cell during security checks; there was no evidence of any deliberate indifference

to or callous or reckless disregard of a known and obvious medical need of Saucedo-Ortiz; there was no delay in requesting medical care once the need was discovered; and his actions were not motivated by an evil motive or intent.

    3.      Officer Raquel Dean (B1569)
               c/o Broening Oberg Woods & Wilson, PC
               2800 N. Central, Suite 1600
               Phoenix, AZ 85004

MCSO Officer Dean is a named Defendant in this matter. Officer Dean is expected to testify as to her employment history, roles, duties and training as an MCSO Officer and specifically, daily responsibilities in the MCSO 4th Ave. jail.  Officer Dean is expected to testify as to the MCSO internal policies and procedures in place relevant and applicable to the MCSO jails and those that guide her in the performance of her duties as an Officer in the jail.

  Officer Dean is expected to testify that on May 26, 2020, she was assigned to the control tower. Officer Dean is expected to testify as to events that were observed from the tower on 4A floor, pod 100 of the 4th Ave. jail on that date, specifically events involving Inmates Saucedo-Ortiz, Xavier Fregoso, Percy Murphy and the daily security checks and response of MCSO officers to the situation involving Inmate Saucedo-Ortiz. Testimony is expected to be consistent with the Incident Report and supplements thereto, produced herewith.

Based on investigation of the incidents subject of Plaintiff's Amended Complaint, Officer Dean is expected to testify that prior to the events of May 26, 2020, there was no known notice of any problems/conflict or impending potential for assault relating to Brian Saucedo-Ortiz and any other detainees who were housed in the same unit; nor had Saucedo-Ortiz reported any potential problems/conflict. Based on investigation of the incidents from May 26, 2020, it is expected that Officer Dean will testify that MSCO officers assigned to 4A housing unit 100 pod, had no reason to know or believe that Saucedo-Ortiz had suffered injuries when he was visibly observed in his bed in his assigned cell during security checks; there was no evidence of any deliberate indifference to or callous or reckless disregard of a known and obvious medical need of Saucedo-Ortiz;

there was no delay in requesting medical care once the need was discovered; and her actions were not motivated by an evil motive or intent.

4.      Officer Elian Griego (B2584)
c/o Broening Oberg Woods & Wilson, PC
2800 N. Central, Suite 1600
Phoenix, AZ 85004

MCSO Officer Elian Griego is a named Defendant in this matter. Officer Griego is expected to testify as to his employment history, roles, duties and training as an MCSO Officer and specifically, his daily responsibilities in the MCSO 4th Ave. jail.   Officer Griego is expected to testify as to the MCSO internal policies and procedures in place relevant and applicable to the MCSO jails and those that guide him in the performance of his duties as an Officer in the jail.

Officer Griego is expected to testify that on May 26, 2020, he was assigned to the 4A floor of the 4th Ave. jail and that he responded to a "man down" call radioed to Security Control. Officer Griego is expected to testify as to his observations of inmate Saucedo-Ortiz inside his cell, medical attention that was provided, and that Saucedo-Ortiz was transported from his cell to level 4 medical clinic for evaluation. Officer Griego is expected to testify as to the response to Saucedo-Ortiz' cell once his condition was discovered. He is expected to testify as to events that occurred thereafter, including the investigation into the assault on Saucedo-Ortiz and outcome of the investigation. Officer Greigo is expected to testify as to his personal actions and events leading up to and following the discovery of Saucedo-Ortiz in his cell on May 26th. Testimony is expected to be consistent with the Incident Report and supplements thereto, produced herewith.

Based on investigation of the incidents subject of Plaintiff's Amended Complaint, Officer Griego is expected to testify that prior to the events of May 26, 2020, there was no known notice of any problems/conflict or impending potential for assault relating to Brian Saucedo-Ortiz and any other detainees who were housed in the same unit; nor had Saucedo-Ortiz reported any potential problems/conflict. Based on investigation of the incidents from May 26, 2020, it is expected that Officer Griego will testify that MSCO officers assigned to 4A housing unit 100 pod, had no reason to know or believe that

Saucedo-Ortiz had suffered injuries when he was visibly observed in his bed in his assigned cell during security checks; there was no evidence of any deliberate indifference to or callous or reckless disregard of a known and obvious medical need of Saucedo-Ortiz; there was no delay in requesting medical care once the need was discovered; and his actions were not motivated by an evil motive or intent.

5.    Officer Bret Kaiser (A5027)
        c/o Broening Oberg Woods & Wilson, PC
        2800 N. Central, Suite 1600
        Phoenix, AZ 85004

MCSO Officer Bret Kaiser is a named Defendant in this matter. Officer Kaiser will testify as to his employment history, roles, duties and training as an MCSO Officer and specifically, his daily responsibilities in the MCSO 4th Ave. jail.  Officer Kaiser is expected to testify as to the MCSO internal policies and procedures in place relevant and applicable to the MCSO jails and those that guide him in the performance of his duties as an Officer in the jail.

Officer Kaiser is expected to testify that on May 26, 2020, he was assigned to the 4A floor of the 4th Ave. jail. At 0800 hours, he and Officer Samaniego (A9595) conducted a security walk in 4A housing unit walking by and looking into each cell. When checking on inmate Saucedo-Ortiz' cell, he appeared breathing and asleep with no indications that an assault had taken place. Inmate Saucedo-Ortiz had no visible injuries to the left side of his face that would indicate he had just been assaulted, no visible blood droplets could be seen in the cell, bedding or on Inmate Saucedo-Ortiz' face.

At 0915, Officer Kaiser responded to a "man down" call radioed to Security Control. Officer Kaiser is expected to testify as to his observations of inmate Saucedo-Ortiz inside his cell, medical attention that was provided, and that Saucedo-Ortiz was transported from his cell to level 4 medical clinic for evaluation. Officer Kaiser is expected to testify as to the response to Saucedo-Ortiz' cell once his condition was discovered. He is expected to testify as to events that occurred thereafter, including the investigation into the assault on Saucedo-Ortiz and outcome of the investigation. Officer Kaiser is expected to testify as to his personal actions and events leading up to and following the discovery of Saucedo-Ortiz

in his cell on May 26th. Testimony is expected to be consistent with the Incident Report and supplements thereto, produced herewith.

Based on investigation of the incidents subject of Plaintiff's Amended Complaint, Officer Kaiser is expected to testify that prior to the events of May 26, 2020, there was no known notice of any problems/conflict or impending potential for assault relating to Brian Saucedo-Ortiz and any other detainees who were housed in the same unit; nor had Saucedo-Ortiz reported any potential problems/conflict. Based on investigation of the incidents from May 26, 2020, it is expected that Officer Kaiser will testify that he had no reason to know or believe that Mr. Saucedo-Ortiz had suffered injuries when he was visibly observed in his bed in his assigned cell during security checks; there was no evidence of any deliberate indifference to or callous or reckless disregard of a known and obvious medical need of Saucedo-Ortiz; there was no delay in requesting medical care once the need was discovered; and his actions were not motivated by an evil motive or intent.

6.    Officer Brandon Rice (B1569)
c/o Broening Oberg Woods & Wilson, PC
2800 N. Central, Suite 1600
Phoenix, AZ 85004

MCSO Officer Brandon Rice is a named Defendant in this matter. Officer Rice is expected to testify as to his employment history, roles, duties and training as an MCSO Officer and specifically, his daily responsibilities in the MCSO 4th Ave. jail.  Officer Rice is expected to testify as to the MCSO internal policies and procedures in place relevant and applicable to the MCSO jails and those that guide him in the performance of his duties as an Officer in the jail.

Officer Rice is expected to testify that on May 26, 2020, he was assigned to the 4A floor of the 4th Ave. jail and that he responded to a "man down" call radioed to Security Control. Officer Rice is expected to testify that he observed Saucedo-Ortiz lying in his bed with a blanket covering his lower extremities, with his hands raised slightly off the bed. In following orders from Sergeant Newman, Officer Rice secured a shield from the level 4 control office to ensure the safety of the other responding officers.  Once he returned to the cell, Officer Rice entered and could see that Saucedo-Ortiz was not responding to the

officers entering his cell. Officer Rice is expected to testify that he set the shield to the side and assisted Officer Samaniego in securing Saucedo-Ortiz then assisted in transporting him on a backboard to level 4 medical. Officer Rice is expected to testify as to his observations of inmate Saucedo-Ortiz inside his cell and the medical attention provided to him.

Officer Rice is expected to testify as to events that occurred thereafter, including the investigation into the assault on Saucedo-Ortiz. He is expected to testify that on Sergeant Newman's orders, he and Officer Samaniego escorted Inmate Xavier Fregoso to Special Management Unit cell 4.59 where photos were taken of Fregoso's body, right hand and right foot. Officer Rice is expected to testify as to communications with Fregoso. Testimony is expected to be consistent with the Incident Report and supplements thereto, produced herewith.

Based on investigation of the incidents subject of Plaintiff's Amended Complaint, Officer Rice is expected to testify that prior to the events of May 26, 2020, there was no known notice of any problems/conflict or impending potential for assault relating to Brian Saucedo-Ortiz and any other detainees who were housed in the same unit; nor had Saucedo-Ortiz reported any potential problems/conflict. Based on investigation of the incidents from May 26, 2020, it is expected that Officer Rice will testify that MSCO officers assigned to 4A housing unit 100 pod, had no reason to know or believe that Mr. Saucedo-Ortiz had suffered injuries when he was visibly observed in his bed in his assigned cell during security checks; there was no evidence of any deliberate indifference to or callous or reckless disregard of a known and obvious medical need of Saucedo-Ortiz; there was no delay in requesting medical care once the need was discovered; and his actions were not motivated by an evil motive or intent.

7.  Officer Carlos Samaniego (A9595)
    c/o Broening Oberg Woods & Wilson, PC
    2800 N. Central, Suite 1600
    Phoenix, AZ 85004

MCSO Officer Carols Samaniego is a named Defendant in this matter. Officer Samaniego is expected to testify as to his employment history, roles, duties and training as

an MCSO Officer and specifically, his daily responsibilities in the MCSO 4th Ave. jail. Officer Samaniego is expected to testify as to the MCSO internal policies and procedures in place relevant and applicable to the MCSO jails and those that guide him in the performance of his duties as an Officer in the jail.

Officer Samaniego is expected to testify that on May 26, 2020, he was assigned to the 4A floor of the 4th Ave. jail. At 0800 hours, he and Officer Kaiser (A5027) conducted a security walk in 4A housing unit walking by and looking into each cell. When checking on inmate Saucedo-Ortiz' cell, he appeared breathing and asleep with no indications that an assault had taken place. Inmate Saucedo-Ortiz had no visible injuries to the left side of his face that would indicate he had just been assaulted, no visible blood droplets could be seen in the cell, bedding or on Inmate Saucedo-Ortiz' face.

He is further expected to testify that at 0915, Officer Samaniego responded to a "man down" call radioed to Security Control. Officer Samaniego is expected to testify as to his observations of inmate Saucedo-Ortiz inside his cell. He is expected to testify that, while he placed inmate Saucedo-Ortiz in mechanical restraints, he noticed the right side of his face, which had been obscured, had swelling and bleeding from the ear. Inmate Saucedo-Ortiz was breathing on his own but unresponsive. Officer Samaniego is expected to testify that medical attention was provided, and that Saucedo-Ortiz was transported from his cell to level 4 medical clinic for evaluation. Officer Samaniego is expected to testify as to the response to Saucedo-Ortiz' cell once his condition was discovered.

Officer Samaniego is also expected to testify that on Sergeant Newman's orders, he and Officer Rice escorted Inmate Xavier Fregoso to Special Management Unit cell 4.59 where photos were taken of Fregoso's body, right hand and right foot. He is expected to testify as to his involvement in the investigation into the assault on Saucedo-Ortiz, including witness interviews and cell searches. Testimony is expected to be consistent with the Incident Report and supplements thereto, produced herewith.

Based on investigation of the incidents subject of Plaintiff's Amended Complaint, Officer Kaiser is expected to testify that prior to the events of May 26, 2020, there was no known notice of any problems/conflict or impending potential for assault relating to Brian Saucedo-Ortiz and any other detainees who were housed in the same unit; nor had

Saucedo-Ortiz reported any potential problems/conflict. Based on investigation of the incidents from May 26, 2020, it is expected that Officer Kaiser will testify that he had no reason to know or believe that Mr. Saucedo-Ortiz had suffered injuries when he was visibly observed in his bed in his assigned cell during security checks; there was no evidence of any deliberate indifference to or callous or reckless disregard of a known and obvious medical need of Mr. Saucedo-Ortiz; there was no delay in requesting medical care once the need was discovered; and his actions were not motivated by an evil motive or intent.

8.     Officer Douglas Weaver (A9453)
       c/o Broening Oberg Woods & Wilson, PC
       2800 N. Central, Suite 1600
       Phoenix, AZ 85004

MCSO Officer Douglas Weaver is a named Defendant in this matter. Officer Weaver is expected to testify as to his employment history, roles, duties and training as an MCSO Officer and specifically, his daily responsibilities in the MCSO 4th Ave. jail. Officer Weaver is expected to testify as to the MCSO internal policies and procedures in place relevant and applicable to the MCSO jails and those that guide him in the performance of his duties as an Officer in the jail.

 Officer Weaver is expected to testify that on May 26, 2020, he was assigned to the 4A floor of the 4th Ave. jail and that he responded to a "man down" call radioed to Security Control. Officer Weaver will testify as to his observations of inmate Saucedo-Ortiz inside his cell, medical attention that was provided, and that Saucedo-Ortiz was transported from his cell to level 4 medical clinic for evaluation. Officer Weaver is expected to testify as to the response to Saucedo-Ortiz' cell once his condition was discovered. He will testify as to events that occurred thereafter, including the investigation into the assault on Saucedo-Ortiz and arrests made. Officer Weaver is expected to testify as to his personal actions and events leading up to and following the discovery of Saucedo-Ortiz in his cell on May 26th. Testimony is expected to be consistent with the Incident Report and supplements thereto, produced herewith.

Based on investigation of the incidents subject of Plaintiff's Amended Complaint, Officer Weaver is expected to testify that prior to the events of May 26, 2020, there was no

known notice of any problems/conflict or impending potential for assault relating to Brian Saucedo-Ortiz and any other detainees who were housed in the same unit; nor had Saucedo-Ortiz reported any potential problems/conflict. Based on investigation of the incidents from May 26, 2020, it is expected that Officer Weaver will testify that MSCO officers assigned to 4A housing unit 100 pod, had no reason to know or believe that Mr. Saucedo-Ortiz had suffered injuries when he was visibly observed in his bed in his assigned cell during security checks; there was no evidence of any deliberate indifference to or callous or reckless disregard of a known and obvious medical need of Mr. Saucedo-Ortiz; there was no delay in requesting medical care once the need was discovered; and his actions were not motivated by an evil motive or intent.

9.    Medical Officer Christopher Collett (B2461)
      c/o Broening Oberg Woods & Wilson, PC
      2800 N. Central, Suite 1600
      Phoenix, AZ 85004

MCSO Medical Officer C. Collett is a named Defendant in this matter. Officer Collett is expected to testify as to his employment history, roles, duties and training as an MCSO Officer and specifically, his daily responsibilities in the MCSO 4th Ave. Jail. Officer Collett is expected to testify as to the MCSO internal policies and procedures in place relevant and applicable to the MCSO jails and those that guide him in the performance of his duties as an Officer in the jail.

Officer Collett is expected to testify that at 0915 hours on May 26, 2020, he and Officer Dugalic accompanied Registered Nurse Rosie and Correctional Health Technician Maria on medical rounds in the 4A housing unit, 100 pod. Officer Collett is expected to testify that when inmate Brian Saucedo-Ortiz was to be seen for a blood pressure check, Collett discovered Saucedo-Ortiz to be having what appeared to be a seizure. Collett radioed Security Control for additional officers for a "man down". Collett is expected to testify that Officers Griego, Rice, Weaver, Samaniego, Kaiser and Sergeant Newman responded, and at 0917 Officer Dugalic called the situation a code 4.

Officer Collett is expected to testify as to his observations of inmate Saucedo-Ortiz inside his cell, medical attention that was provided, and that Saucedo-Ortiz was transported

from his cell to level 4 medical clinic for evaluation. Officer Collett is expected to testify as to the response to Saucedo-Ortiz' cell once his condition was discovered. He is expected to testify as to events that occurred thereafter, including the investigation into the assault on Saucedo-Ortiz and outcome of the investigation. Officer Collett is expected to testify as to his personal actions and events leading up to and following the discovery of Saucedo-Ortiz in his cell on May 26th. Testimony is expected to be consistent with the Incident Report and supplements thereto, produced herewith.

Based on investigation of the incidents subject of Plaintiff's Amended Complaint, Officer Collett is expected to testify that prior to the events of May 26, 2020, there was no known notice of any problems/conflict or impending potential for assault relating to Brian Saucedo-Ortiz and any other detainees who were housed in the same unit; nor had Saucedo-Ortiz reported any potential problems/conflict. Based on investigation of the incidents from May 26, 2020, it is expected that Officer Collett will testify that MSCO officers had no reason to know or believe that Mr. Saucedo-Ortiz had suffered injuries when he was visibly observed in his bed in his assigned cell during security checks; there was no evidence of any deliberate indifference to or callous or reckless disregard of a known and obvious medical need of Mr. Saucedo-Ortiz; there was no delay in requesting medical care once the need was discovered; and his actions were not motivated by an evil motive or intent.

10.    Medical Officer Amir Dugalic (A9909)
c/o Broening Oberg Woods & Wilson, PC
2800 N. Central, Suite 1600
Phoenix, AZ 85004

MCSO Medical Officer Dugalic is a named Defendant in this matter. Officer Dugalic is expected to testify as to his employment history, roles, duties and training as an MCSO Officer and specifically, his daily responsibilities in the MCSO 4th Ave. jail. Officer Dugalic is expected to testify as to the MCSO internal policies and procedures in place relevant and applicable to the MCSO jails and those that guide him in the performance of his duties as an Officer in the jail.

Officer Duglaic is expected to testify that at 0915 hours on May 26, 2020, he and Officer Collett accompanied Registered Nurse Rosie and Correctional Health Technician Maria on medical rounds in the 4A housing unit, 100-pod. He is expected to testify that when inmate Brian Saucedo-Ortiz was to be seen for a blood pressure check, Saucedo-Ortiz was discovered to be having what appeared to be a seizure. Officer Collett radioed Security Control for additional officers for a "man down" to which Officers Griego, Rice, Weaver, Samaniego, Kaiser and Sergeant Newman responded. At 0917 Officer Dugalic called the situation a code 4.

Officer Dugalic is expected to testify as to his observations of inmate Saucedo-Ortiz inside his cell, medical attention that was provided, and that Saucedo-Ortiz was transported from his cell to level 4 medical clinic for evaluation. Officer Dugalic is expected to testify as to the response to Saucedo-Ortiz' cell once his condition was discovered. He is expected to testify as to events that occurred thereafter, including the investigation into the assault on Saucedo-Ortiz and outcome of the investigation. Officer Dugalic is expected to testify as to his personal actions and events leading up to and following the discovery of Saucedo-Ortiz in his cell on May 26th. Testimony is expected to be consistent with the Incident Report and supplements thereto, produced herewith.

Based on investigation of the incidents subject of Plaintiff's Amended Complaint, Officer Duglaic is expected to testify that prior to the events of May 26, 2020, there was no known notice of any problems/conflict or impending potential for assault relating to Brian Saucedo-Ortiz and any other detainees who were housed in the same unit; nor had Saucedo-Ortiz reported any potential problems/conflict. Based on investigation of the incidents from May 26, 2020, it is expected that Officer Dugalic will testify that MSCO officers had no reason to know or believe that Saucedo-Ortiz had suffered injuries when he was visibly observed in his bed in his assigned cell during security checks; there was no evidence of any deliberate indifference to or callous or reckless disregard of or callous or reckless disregard of a known and obvious medical need of Mr. Saucedo-Ortiz; there was no delay in requesting medical care once the need was discovered; and that his actions were not motivated by an evil motive or intent.

13

11.     MCSO Officer Zambrano (A6450)
        c/o Broening Oberg Woods & Wilson, PC
        2800 N. Central, Suite 1600
        Phoenix, AZ 85004

12.     MCSO Officer G. Holms (B3901)
        c/o Broening Oberg Woods & Wilson, PC
        2800 N. Central, Suite 1600
        Phoenix, AZ 85004

Officers Zambrano and Holmes are not named parties in this action. Officers Zambrano and Holmes escorted Inmate Saucedo-Ortiz from the 4th Ave. jail to Banner University Medical Center (fka Good Samaritan Hospital). They may each offer testimony as to their observations of Saucedo-Ortiz and medical attention provided to him. Each may offer testimony as to their communications with other MCSO officers/medical staff, inmates in 4A housing and any witnesses relevant to investigation of the assault on Inmate Saucedo-Ortiz.

13.     MCSO Detective Colin White (S1995)
        Major Crimes Division/Jail Crimes Unit
        c/o Broening Oberg Woods & Wilson, PC
        2800 N. Central, Suite 1600
        Phoenix, AZ 85004

Officer White is not a named party in this action. He is expected to testify as to his personal involvement in the investigation of, and securing evidence relevant to, the assault on Inmate Saucedo-Ortiz, including security video and evidence collected from the cell of Xavier Fregoso pursuant to search warrant #2020-007085. Officer White is expected to testify as to the protocol followed in securing such evidence, and information contained in the Incident Report and supplements produced herewith.

14.     MCSO Officer Christopher White (A7848)
        c/o Broening Oberg Woods & Wilson, PC
        2800 N. Central, Suite 1600
        Phoenix, AZ 85004

Officer White is not a named party in this action. He is expected to testify as to his personal involvement in the investigation of, and securing evidence relevant to, the assault on Inmate Saucedo-Ortiz, including security video. Officer White is expected to testify as to the protocol followed in securing such evidence and information contained in the Incident Report and supplements produced herewith.

15. MCSO Officer Carole Voss (B2712)
    c/o Broening Oberg Woods & Wilson, PC
    2800 N. Central, Suite 1600
    Phoenix, AZ 85004

Officer Voss is not a named party in this action. She is expected to testify as to her involvement in the investigation into the assault of Inmate Saucedo-Ortiz, observations of him and his injuries while at Banner University Medical Center, photographs taken, execution of search warrant #2020-007085 and the securing and testing of evidence from the cell of Inmate Xavier Fregoso. Officer Voss is expected to testify as to evidence collected and the protocol for securing the same. Testimony is expected to support the Incident Report and supplements produced herewith.

16. MCSO Sergeant David Tennyson (1598)
    Major Crimes Division/Jail Crimes Unit
    c/o Broening Oberg Woods & Wilson, PC
    2800 N. Central, Suite 1600
    Phoenix, AZ 85004

Sergeant Tennyson is not a named party in this action. He is expected to testify as to his personal involvement in the investigation of the Saucedo-Ortiz assault, execution of search warrant #2020-007085 and the securing of evidence from the cell of Inmate Xavier Fregoso. Sergeant Tennyson is expected to testify as to evidence collected and the protocol for securing the same; his communications with MCSO officers and witnesses relevant to the investigation of the assault and arrests made. Testimony is expected to support the Incident Report and supplements produced herewith.

17. MCSO Detective D. Cartusciello (S1986)
    Major Crimes Division/Jail Crimes Unit
    c/o Broening Oberg Woods & Wilson, PC
    2800 N. Central, Suite 1600
    Phoenix, AZ 85004

Detective Cartusciello is not a named party in this action. He is expected to testify as to his involvement in the investigation of the Saucedo-Ortiz assault, execution of search warrant #2020-007085 and the securing of evidence from the cell of Inmate Xavier Fregoso and Jorge Amaya. Detective Cartusciello is expected to testify as to evidence collected and the protocol for securing the same; his communications with MCSO officers

and witnesses relevant to the investigation of the assault and arrests made. Testimony is expected to support the Incident Report and supplements produced herewith.

18.     MCSO Sergeant Heil (A6229)
        c/o Broening Oberg Woods & Wilson, PC
        2800 N. Central, Suite 1600
        Phoenix, AZ 85004

Sergeant Heil is not a named party in this action. He is expected to testify that housing unit 4A, 100 pod of the 4th Ave. jail is a modified closed custody unit. As such, while typically only one inmate is allowed out to the recreational yard or dayroom at a time, this pod allows three inmates out at a time to allow them more human interaction to eventually transition them to a general population housing unit. Sergeant Heil is expected to testify that on May 26, 2020, Inmate Saucedo-Ortiz had access to the dayroom along with Inmates Fregoso and Murphy.

Sergeant Heil is expected to testify as to his involvement in the investigation of the assault on Saucedo-Ortiz. Testimony is expected to support the Incident Report and supplements produced herewith.

19.     MCSO Detective A. Bratt (S2089)
        Major Crimes Division/Homicide Unit
        c/o Broening Oberg Woods & Wilson, PC
        2800 N. Central, Suite 1600
        Phoenix, AZ 85004

Detective Bratt is not a named party in this action. He is expected to testify as to his involvement in the investigation of the Saucedo-Ortiz assault, assistance provided to the Jail Crimes Unit and communications with MCSO officers involved in the investigation. Testimony is expected to support the Incident Report and supplements produced herewith.

20.     MCSO Detective C. Morin (S1407)
        Major Crimes Division/Homicide Unit
        c/o Broening Oberg Woods & Wilson, PC
        2800 N. Central, Suite 1600
        Phoenix, AZ 85004

Detective Morin is not a named party in this action. He is expected to testify as to his involvement in the investigation of the Saucedo-Ortiz assault, assistance provided to the Jail Crimes Unit and communications with MCSO officers involved in the

investigation.   Testimony is expected to support the Incident Report and supplements produced herewith.

     21.    MCSO Sergeant S. Palmer (S1837)
              Major Crimes Division/Jail Crimes Unit
              c/o Broening Oberg Woods & Wilson, PC
              2800 N. Central, Suite 1600
              Phoenix, AZ 85004

Sergeant Palmer is not a named party in this action. He is expected to testify as to his involvement in the investigation of the Saucedo-Ortiz assault, securing of evidence, and communications with MCSO officers involved in the investigation. Testimony is expected to support the Incident Report and supplements produced herewith.

     22.    Registered Nurse Rosie Hernandez (CH686)
              C/O Kathleen L. Wieneke
              Christina Retts
              1095 West Rio Salado Parkway, Suite 209
              Tempe, AZ 85281

     23.    Correctional Health Technician Maria de la Torre (CS583)
              C/O Kathleen L. Wieneke
              Christina Retts
              1095 West Rio Salado Parkway, Suite 209
              Tempe, AZ 85281

RN Rosie and CHT Marie are Defendants named in this matter. It is expected that each will testify as to their employment histories and specific roles, duties and responsibilities at the 4th Ave. jail, specifically as they relate to interactions with inmates, maintaining inmate medical histories and charts, and conducting daily medical rounds. Testimony will be sought as to their interactions and performance of their duties in conjunction and/or accordance with MCSO personnel, policies and protocol followed in their daily shifts at the jail. RN Rosie and CHT Maria are expected to testify that on May 26, 2020, while conducting medical rounds in 4A housing unit 100 pod, Inmate Saucedo-Ortiz, housed in 4A1.03, was to be seen for a blood pressure check when MCSO Officer Collet discovered Inmate Saucedo-Ortiz having what appeared to be a seizure. At 0915 hours Officer Collett radioed Security Control for additional officers for a "man-down" possible seizure. Officers responded, protocol was followed for entering the inmate's cell

and his condition was assessed. RN Rosie and CHT Marie are expected to testify that a backboard was brought in and Inmate Saucedo-Ortiz was secured then transferred to a gurney to be taken to level 4 medical clinic for evaluation. See additional anticipated testimony disclosed by Co-Defendants.

24.    Doctor Jared Bevels (CH1565)
       C/O Kathleen L. Wieneke
       Christina Retts
       1095 West Rio Salado Parkway, Suite 209
       Tempe, AZ 85281

Doctor Bevels is a named Defendant in this matter.  Testimony is expected regarding his employment history and specific roles, duties and responsibilities at the 4th Ave. jail, specifically as they relate to interactions with inmates, maintaining inmate medical histories and charts, conducting daily medical rounds and conducting daily and/or emergent evaluations. Testimony will be sought as to his interactions and performance of duties in conjunction and/or accordance with MCSO personnel, policies and protocol followed in his daily shifts at the jail. Doctor Bevels is expected to testify to any interactions with Inmate Saucedo-Ortiz at any time prior to May 26, 2020. Doctor Bevels is expected to testify as to his evaluation of Inmate Saucedo-Ortiz on May 26, 2020, following the assault, and his authorization to transport Saucedo-Ortiz to Banner University Medical Center (fka Good Samaritan Hospital).

25.    Xavier Fregoso
       ADOC Inmate No. 320332
       ASPC Winslow, Kaibab Unit
       2100 S Highway 87
       Winslow, AZ 86047

On May 26, 2020, Xavier Fregoso (MCSO inmate no. T618170) was housed at the 4th Avenue Jail located at 201 S. 4th Avenue, Phoenix, AZ, housing unit 4A, 100 pod. Based on investigation of events from that date, it appears Fregoso lured MCSO inmate Brian A. Saucedo Ortiz into his cell (4A1.06), where he assaulted Saucedo-Ortiz to the state of unconsciousness. Thereafter, Fregoso partially dragged inmate Saucedo-Ortiz back to Saucedo-Ortiz' cell (4A1.03) and placed him in his bed on his side to give the appearance that Saucedo-Ortiz was sleeping. Fregoso then returned to his own cell where

he cleaned up the aftermath of the assault. Fregoso will be expected to testify as to any events that provoked his assault on Saucedo-Ortiz, and events that followed in the investigation of the assault.  He is expected to testify as to interviews/statements provided to investigating officer relevant to the assault.

    26.    Jorge Amaya
                Current address to be supplemented

On May 26, 2020, MCSO Inmate Jorge Amaya (MCSO inmate no. P933660) was housed at the 4th Avenue Jail located at 201 S. 4th Avenue, Phoenix, AZ, housing unit 4A, cell 4A1.07. Jorge Amaya is expected to testify as to events witnessed surrounding Xavier Fregoso's assault on Brian Saucedo-Ortiz, the movement of Saucedo-Ortiz' body and Fregoso's actions following the assault. He is expected to testify as to communications with Saucedo-Ortiz, Fregoso, and Percy Murphy on May 26, 2020 as well as in the days leading up to the assault. He will be asked to testify as to his observations of and/or communications with MCSO officers who were on duty on May 26, 2020 and the investigation that followed the assault once discovered. Murphy is expected to testify as to interviews that he gave relevant to events that occurred on May 26, 2020 and the assault on Saucedo-Ortiz.

    27.    Percy A. Murphy
                ADOC Inmate No. 309442
                Released; current address to be supplemented

On May 26, 2020, MCSO Inmate Percy Murphy (MCSO inmate no. T636311) was housed at the 4th Avenue Jail located at 201 S. 4th Avenue, Phoenix, AZ, housing unit 4A, cell 4A1.05. Murphy is expected to testify as to events witnessed surrounding Xavier Fregoso's assault on Brian Saucedo-Ortiz, the movement of Saucedo-Ortiz' body and Fregoso's actions following the assault. He is expected to testify as to communications with Saucedo-Ortiz, Fregoso, and Jorge Amaya on May 26, 2020, as well as in the days leading up to the assault. He will be asked to testify as to his observations of and/or communications with MCSO officers who were on duty on May 26, 2020 and the investigation that followed the assault once discovered. Murphy is expected to testify as to

interviews that he gave relevant to events that occurred on May 26, 2020 and the assault on Saucedo-Ortiz.

28.   Richard Chavez
        Current address to be supplemented

On May 26, 2020, MCSO Inmate Richard Chavez (MCSO inmate no. T6300002) was housed at the 4th Avenue Jail located at 201 S. 4th Avenue, Phoenix, AZ, housing unit 4A in the cell next to Inmate Saucedo-Ortiz. Chavez is expected to testify in support of his interview given to MCSO Officer Colin White, which is contained in a recording and in the Incident Report, both produced herewith.

29.   Selene Ortiz – Guardian of Brian Saucedo-Ortiz
        C/O C. Tony Piccuta
        Scottsdale Injury Lawyers, LLC
        8700 E. Pinnacle Peak Road, #204
        Scottsdale, AZ 85255

Selene Ortiz is the Plaintiff in this matter.  She is expected to testify regarding her knowledge and evidence as to the events that form that basis of her allegations contained in her First Amended Complaint. Testimony is expected to include her allegations of loss of companionship/loss of consortium re Brian Saucedo-Ortiz, as well as any knowledge she has of his history prior to the events of May 26, 2020, including his incarceration history, her communications and relationship with him and frequency of interactions with him. Ms. Ortiz is further expected to testify regarding the damages she is seeking and any and all other matters relating to this cause of action.

30.   Individuals whose names appear in documents produced in this matter and whose substantive testimony will be supplemented.

31.   Any and all witnesses listed by the other parties in this action, regardless of whether they attempt to delist the witness or fail to call the witness at the time of trial.

32.   Any and all witnesses deposed in this litigation, including but not limited to expert witnesses of all parties in the lawsuit.

33.   Custodians of Records, as necessary, to lay the prerequisite foundation for

medical records from various providers listed and used as exhibits in this matter.

34.     Corrections Officer M. Frost (#B0841)
        c/o Broening Oberg Woods & Wilson, PC
        2800 N. Central, Suite 1600
        Phoenix, AZ 85004

Officer Frost may have relevant knowledge and information relevant to  allegations in Plaintiff's Complaint and investigation into the events involving Brian

Ortiz on May 26, 2020. Officer Frost is expected to testify consistent with statements contained in MCSO Incident Report #2014993 (MC event #20104841) dated May 26, 2020 and all supplements thereto; and his training and experience as an officer

with MCSO. Officer Frost's deposition, if taken, supplements this disclosure.

## II.     EXHIBITS:

1.     All medical records, billing records, and all other diagnostic studies relating to Brian Saucedo-Ortiz.

2.     Any and all of Brian Saucedo-Ortiz' medical and psychological records yet to be disclosed or may become known through the course of discovery.

3.     Any and all evidence of collateral benefits or other insurance benefits provided to Plaintiff re Saucedo-Ortiz.

4.     To the extent relevant to Plaintiff's claims, complete copies of Saucedo-Ortiz' federal and state income tax returns, including all schedules and attachment thereto, from five years prior to the date of loss.

5.     Any and all exhibits listed by any other party regardless of whether or not that party attempts to delist the exhibit or fail to use it at the time of trial subject to objections.

6.     Depositions and/or statements of any witness and any exhibit attached to any deposition and/or statement.

7.     All disclosures and/or discovery responses, including exhibits or attachments thereto, of any party.

8.     Any party's experts' files, curricula vitae, billing statements, models, charts, diagrams, literature, or other items utilized or relied upon by the expert.

9.      Defense experts' curricula vitae.

10.     All medical literature listed on the curricula vitae of all parties' experts.

11.     Brian Saucedo-Ortiz' booking photo produced herewith as MCSO-ORTIZ00001.

12.     Brian Saucedo-Ortiz' booking details produced herewith as MCSO-ORTIZ00002-36.

13.     Brian Saucedo-Ortiz' booking distribution/collection details produced herewith as MCSO-ORTIZ00037.

14.     Brian Saucedo-Ortiz' bed assignment details produced herewith as MCSO-ORTIZ00038.

15.     Brian Saucedo-Ortiz' recreation activity details produced herewith as MCSO-ORTIZ00039.

16.     Brian Saucedo-Ortiz' jail, release, inventory, account, physical details and fingerprints, tracking and transfer information produced herewith as MCSO-ORTIZ00040-54

17.     Fourth Avenue Jail headcount roster for May 26, 2020 produced herewith as MCSO-ORTIZ00055-56.

18.     Incident Report No. IR20014993 from May 26, 2020 produced herewith as MCSO-ORTIZ00057-140.

19.     MCSO call and dispatch activity from May 26, 2020 produced herewith as MCSO-ORTIZ00141-142.

20.     Shift event by inmate, re Brian Saucedo-Ortiz produced herewith as MCSO-ORTIZ00143.

21.     Recorded interview of Percy Murphy produced herewith as MCSO-ORTIZ00144.

22.     Recorded interview of Richard Chavez produced herewith as MCSO-ORTIZ00145

23.     Recorded interview of Xavier Fregoso produced herewith as MCSO-

ORTIZ00146.

24.    Photographs of Xavier Fregoso and cells 4A1.3 and 4A1.6 taken May 26, 2020 produced herewith as MCSO-ORTIZ00147-161.

25.    Video of photographs taken, produced herewith as MCSO-ORTIZ00162.

26.    Brian Saucedo-Ortiz's medical records from Banner University Medical Center and Maricopa County Correctional Health Services, identified as MCSO-ORTIZ00163-253.

27.    Video from Fourth Avenue Jail housing unit 4A1(0741-0812 hours), produced herewith and identified as MCSO-ORTIZ00254.

28.    Video from Fourth Avenue Jail housing unit 4A1(0812-0852 hours), produced herewith and identified as MCSO-ORTIZ00255.

29.    Video from Fourth Avenue Jail housing unit 4A1(0852-0930 hours), produced herewith and identified as MCSO-ORTIZ00256.

30.    Brian Saucedo-Ortiz's Classification file re booking number T635243, produced herewith as MCSOORTIZ00257-291.

31.    Brian Saucedo-Ortiz's Commitment file re booking number T635243, produced herewith as MCSOORTIZ00292-307.

32.    Daily Work Assignment Sheet for Tuesday, 05/26/21, Fourth Avenue Jail, as cited in Defendants' Supplemental Answers to Plaintiff's First Set of Non-Uniform Interrogatories, Nos. 6 & 7, MCSOORTIZ00308-320.

33.    MCSO policies cited in Defendants' Supplemental Responses to Plaintiff's First Set of Requests for Production, Nos. 3 & 6. Policies produced herewith are as follows:

a.    DA-1 Emergency Procedures for Jail Facilities, MCSO ORTIZ00321-498;

b.    DB-3 Security Surveillance Systems, MCSO ORTIZ00499-500;

c.    DF-1 Inmate Classification, MCSO ORTIZ 00501-503;

d.    DH-6 Inmate Supervision, Security Walks and Headcounts, MCSO ORTIZ00504-506;

e.      DH-8 Emergency Response Team (ERT), MCSO ORTIZ 00507-509;

f.      DI-1 Inmate Housing Categories, MCSO ORTIZ 00510-514;

g.      DI-3 Restrictive Housing Operation , MCSO ORTIZ 00515-520;

h.      DJ-1 Rules and Regulations for Inmates, MCSO ORTIZ 00521-617;

i.      DJ-2 Inmate Disciplinary Procedure, MCSO ORTIZ 00618-625;

j.      DJ-4 Pod Restrictions and Pod Security Overrides, MCSO ORTIZ 00626-629;

k.      GF-5 Incident Report Guidelines, MCSO ORTIZ 00630-641;

l.      GJ-2 Critical Incident Response, MCSO ORTIZ 00642-649;

m.      GJ-6 Criminal Investigations Organization and Administration, MCSO ORTIZ 00650-653;

n.      GJ-7 Criminal Investigations; Operations, MCSO ORTIZ 00654-662;

o.      GJ-11 Serious Injury, Illness, or Death of a Prisoner or Inmate, MCSO ORTIZ 00663-665.

*34.    Personnel files of the following MCSO Officer Defendants: Officer Christopher Collette, Officer Raquel Dean, Officer Amir Dugalic, Officer Elian Griego, Sgt Thomas Newman, Officer Brandon Rice, Officer Carlos Samaniego, Officer Douglas Weaver, and Officer Bret Kaiser.*

*Personal information redacted within these personnel files is open and obvious and includes personal/confidential information including social security numbers, cell phone and personal phone numbers, protected health information, resident addresses, date of birth, spouse/child information, maiden last name of female officers, personal vehicles/license plates, personal emails, rates of pay, personal information of relatives, beneficiaries and emergency contacts, and usernames/passwords and associated security questions unique to each for MCSO internet use. For their protection, names of inmates not involved in or associated with this matter, have also been redacted. See MCSO-ORTIZ 00666-2096 produced with Defendants' supplemental discovery responses.*

*A privilege log of information removed from aforementioned personnel files,*

1   ***withheld from production and falling outside the scope of redacted information described***

2   ***above, as well as of an internal operations manual being withheld entirely for safety***

3   ***reasons, is attached hereto as Exhibit A.***

4          Defendants reserve the right to supplement.

5          DATED this 2nd day of July, 2021.

6                                          BROENING OBERG WOODS & WILSON, P.C.

7

8                                          By: */s/ Sarah L. Barnes*_____  _____
                                               Sarah L. Barnes
9                                              2800 North Central Avenue
                                               Suite 1600
10                                             Phoenix, Arizona 85004
                                               Attorneys for Defendants Sheriff Penzone; Sgt.
11                                             Thomas Newman; Ofc. Raquel Dean; Ofc.
                                               Elian Griego; Ofc. Bret Kaiser; Ofc. Brandon
                                               Rice; Ofc. Carlos Samaniego; Ofc. Douglas
12                                             Weaver; Ofc. Christopher Collett; and Ofc.
                                               Amir Dugalic
13

14   Original/copies of the foregoing
     emailed this same date to the following:

15
     C. Tony Piccuta
16   Scottsdale Injury Lawyers, LLC
     8700 E. Pinnacle Peak Road, #204
17   Scottsdale, AZ 85255
     *Attorneys for Plaintiff Ortiz*

18
     Kathleen L. Wieneke
19   Christina Retts
     1095 West Rio Salado Parkway, Suite 209
20   Tempe, AZ 85281
     *Attorneys for Defendants Dr. Bevels,*
21   *CHT Maria (C8583) and RN Rosie (CH686)*

22   By Anett Rowe_____

23

24

25

26

27

28

                                            25